UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-100-KKC

KEVIN LONG,                                                                                              PLAINTIFF,

v.                                         **OPINION AND ORDER**

HOFFMAN ENCLOSURES, INC.,
BECKY SHELTON and
RODNEY MATTHEWS,                                                                        DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand (Rec. No. 9) filed by the Plaintiff and the Motion to Dismiss (Rec. No. 4) filed by the Defendants.

The Plaintiff's Motion to Remand raises the issue of whether this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) which provides for federal court jurisdiction over a civil action where the amount in controversy is more than $75,000 and the controversy is between citizens of different states. The Plaintiff argues there is not complete diversity in this matter because two of the Defendants and the Plaintiff are Kentucky citizens.

I.  FACTS.

The Plaintiff, Kevin Long, filed this action in Montgomery Circuit Court against the Defendants Hoffman Enclosures, Inc., Becky Shelton, and Rodney Matthews. The Defendants removed the action to this Court. The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). This Court has original jurisdiction of all civil actions where the matter in

controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332 (a)(1). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed. *Jerome-Duncan*, 176 F.3d at 907. Complete diversity exists only when no plaintiff and no defendant are citizens of the same state. *Id*.

Though the Defendants Shelton and Matthews are Kentucky citizens and so is the Plaintiff, the Defendants collectively removed the action to this Court charging that the Defendants Shelton and Matthews had been fraudulently joined and, thus, their citizenship should be disregarded for purposes of determining whether this Court has jurisdiction over the matter. The Plaintiff then moved to remand the matter back to state court.

## II.     FRAUDULENT JOINDER.

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Id.* at 907 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).  It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id*.  The test is not whether the defendants were added to defeat

removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*.

In his Complaint, the Plaintiff asserts that he was employed by the Defendant Hoffman Enclosures from November 4, 2004 until April 3, 2007 at its plant in Mt. Sterling, Kentucky. For about the last year of his employment, the Plaintiff was a blueprint reader and welder. The Plaintiff charges that Shelton was the Human Resources Manager at the plant and that Matthews became his supervisor in January 2006.

The Plaintiff asserts that he was stricken by cerebral palsy (CP) at birth and has physical impairments that limit his ability to speak and use his right arm. The Plaintiff charges that he complained to Shelton multiple times that Matthews and other supervisory level employees verbally and physically abused him because of his disabilities. He charges that Shelton refused to investigate his complaints and warned other employees that they would be subject to retaliation if they assisted the Plaintiff in asserting a claim or if they cooperated with any government investigation.

The Plaintiff charges that Matthews repeatedly taunted and harassed him by calling him a "retard" and a "reject." He charges that Matthews told him that Hoffman Enclosures fired "retards every day." The Plaintiff further charges that Matthews called him a "one armed bandit" over the plant communication system.

The Plaintiff asserts various claims against Hoffman Enclosures, including that the company violated the Kentucky Civil Rights Act ("KCRA"), KRS § 344.010 *et seq.*, when it created a hostile work environment and fired him in retaliation for complaining about the discrimination. As to

3

Matthews and Shelton, the Plaintiff asserts state law claims of intentional infliction of emotion distress ("IIED") against both of these defendants. If this claim is valid against either Matthews or Shelton, there is not complete diversity in this matter and it must be remanded to state court. Accordingly, the Court will first review the IIED claim against Matthews to determine if it is valid for purposes of the fraudulent joinder analysis.

> **A. Whether Matthews can be Held Individually Liable for Acts Committed while Working for Hoffman Enclosures.**

As their first argument that there is no reasonable basis for predicting that Matthews might be liable under state law for IIED, the Defendants argue that Matthews cannot be held liable for acts committed while he was acting in his "official capacity" as a manager or employee of Hoffman Enclosures. However, "[i]t is well established that an agent for a corporation is personally liable for a tort committed by him although he was acting for the corporation." *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 425 (Ky. App. 1978); *Small v. Bailey*, 356 S.W.2d 756, 757 (Ky. 1962). Accordingly, Matthews is not shielded from liability simply because he committed the relevant acts while working for Hoffman Enclosures.

> **B. Whether the Complaint alleges any Acts by Matthews.**

The Defendants next argue that the Plaintiff's Complaint is "devoid" of any allegation that Matthews committed any individual acts that would support the IIED claim. However, in his Complaint, Plaintiff alleges that Matthews himself verbally abused the Plaintiff because of the Plaintiff's disabilities. These are individual acts. Whether there is any reasonable basis for predicting that state law might impose liability for these acts will be addressed below. Plaintiff does at least allege individual acts by Matthews.

4

      **C.     Whether the IIED Claims are "Subsumed" by the KCRA Claim.**

Next the Defendants argue that the Plaintiff cannot assert an IIED claim against the individual Defendants because such a claim is "subsumed" by the KCRA claim against Hoffman Enclosures. In support of this argument, the Defendants cite *Wilson v. Lowe's Home Center*, 75 S.W.3d 229 (Ky. App. 2001). In that case, a former Lowe's employee filed KCRA claims against Lowe's alleging racial discrimination. The plaintiff also asserted IIED claims against Lowe's and three individually named defendants who were Lowe's managers. The Kentucky court determined that the plaintiff's IIED claim against Lowe's was subsumed by his KCRA claims. *Id*. at 239.

As to the plaintiff's claims against the individual Lowe's managers, however, the court specifically found that these claims were not subsumed by the KCRA claim against Lowe's. *Id*. "Clearly, the fact that a civil rights claim may be filed against an employer does not prohibit the filing of an IIED claim against the offending individuals against whom no civil rights claim could have been filed." *Id*.

The Defendants also cite *Wiseman v. Whayne Supply Co.*, 359 F.Supp.2d 579 (W.D. Ky. 2004) in support of their argument that IIED claims against individual defendants are subsumed by a KCRA claim against their employer. However, in that case, the plaintiff asserted claims against her employer only. There were no individual defendants named in that action.

For these reasons, the IIED claims against the individual defendants are not subsumed by the Plaintiff's KCRA claims against Huffman Enclosures.

      **D.     Whether the Plaintiff has stated a Claim against Matthews for IIED.**

The Defendant next argues that there is no reasonable basis for predicting that Kentucky law might hold the individual defendants liable for IIED because the Plaintiff has failed to allege acts

5

sufficient to constitute IIED against either individual defendant.

To establish an IIED claim, the Plaintiff must establish the following:

(1) the wrongdoer's conduct must be intentional or reckless, (2) the conduct must be outrageous and intolerable, (3) there must be a causal connection between the conduct and the emotional distress, and (4) the emotional distress must have been severe.

*Wilson*, 75 S.W.3rd at 238; *Craft*, 671 S.W.2d at 249.

However, "petty insults, unkind words and minor indignities" do not constitute IIED. *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 65 (1996). "It is only outrageous and intolerable conduct which is covered by this tort." *Id*.

Looking just to the allegations against Matthews, the Plaintiff alleges that Matthews repeatedly taunted and harassed him in front of other employees by calling him a "retard," a "reject," and a "one-armed bandit" and by telling other employees that the Plaintiff was brought to work in a "bus hauling retards." The Plaintiff alleges that he was ashamed and severely humiliated by Matthews' harassment regarding his speech impediment and weak and crippled right arm. He alleges he suffered severe depression, anxiety and stress, and severe and outrageous embarrassment and humiliation.

While the Court cannot conclude that such allegations constitute IIED as a matter of law, if such conduct occurred, there is at least a reasonable basis for believing that Matthews might be liable for IIED under Kentucky law.

### E. Whether the IIED Claims are Barred by Kentucky's Workers' Compensation Act.

Finally, the Defendants argue that Plaintiff's IIED claims against the individual defendants are barred by the exclusivity provision of the Kentucky's Workers' Compensation Act, KRS

342.001, *et seq*. In relevant part, the exclusivity provision states the following:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee. . . .

KRS § 342.690(1).

Employees of the employer are also exempt from liability under the statute. *Wymer v. JH Properties, Inc*, 50 S.W.3d 195, 197 (Ky. 2001); KRS 342.690(1) ("[t]he exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier").

Based on the Complaint, however, the Court is unable to conclude that the exclusivity provision bars the Plaintiff from asserting tort claims against the Defendants. There is nothing in the Complaint indicating that Hoffman Enclosures has complied with the insurance requirements of the Workers' Compensation Act, thus entitling it to the protection of the exclusivity provisions. *See* KRS 342.690(2)("[i]f an employer fails to secure payment of compensation as required by this chapter, an injured employee. . . may claim compensation under this chapter and in addition may maintain an action at law or in admiralty for damages on account of such injury or death").

Accordingly, under the limited review permitted under a fraudulent joinder analysis, the Court cannot find that the Plaintiff's IIED claims against the individual Defendants are barred by the exclusivity provisions of Kentucky's Workers' Compensation Act.

Having determined that there is arguably a reasonable basis for predicting that the state law might impose liability on Matthews for IIED, the Court need not undertake the same analysis for Shelton. Because Matthews is a Kentucky citizen, there is not complete diversity in the matter. Accordingly, the Plaintiff's Motion to Remand will be granted.

### III. Whether Plaintiff is Entitled to Attorney's Fees.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Given that the sole claims against the non-diverse defendants are the IIED claims and given the difficulty of proving such claims under Kentucky state law, the Court cannot find that the Defendants had no objectively reasonable basis for seeking removal. Accordingly, the Court will not require payment of attorney fees and costs in its remand order.

### IV. CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1) The Plaintiff's Motion to Remand (Rec. No. 9) is GRANTED and this matter is remanded to the Montgomery Circuit Court;

2) The Defendants' Motion to Dismiss (Rec. No. 4) is DENIED as moot, the Court having determined it has no jurisdiction over this matter; and

3) This matter is STRICKEN from the active docket of this Court.

Dated this 23rd day of June, 2008.



Signed By:
*Karen K. Caldwell*
**United States District Judge**